UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

TRACY BAILEY, also known )
as "TRACEY BAILEY" )
 ) No. 1:11-cv-325/1:09-cr-26
v. )
 ) Judge Curtis L. Collier
UNITED STATES OF AMERICA )

**MEMORANDUM**

Pursuant to 28 U.S.C. § 2255, Tracy Bailey ("Bailey") has filed a *pro se* motion to vacate, set aside, or correct his sentence (Court File No. 38). In addition, Bailey filed a motion to appoint counsel (Court File No. 42). He challenges his sentence on three grounds: (1) his counsel was ineffective; (2) his right against self-incrimination was violated; and (3) his age should have been considered in his sentencing. The Government opposes Bailey's § 2255 motion (Court File No. 41).

The motions, together with the files and record in this case, conclusively show Bailey is entitled to no relief under 28 U.S.C. § 2255. For the following reasons, the Court has determined an evidentiary hearing is unnecessary, *see United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993),[1] Bailey's § 2255 motion will be **DENIED** for lack of merit (Court File No. 38).

I. **RELEVANT FACTS AND PROCEDURAL HISTORY**

In April 2008, Bailey was serving probation for a robbery conviction. On April 10, 2008, he went to the state probation office and was arrested for two outstanding warrants: Attempted First

---

[1] Because the Court concludes an evidentiary hearing is unnecessary it will **DENY** Bailey's motion to appoint counsel (Court File No. 42). The Court has previously denied a motion to appoint counsel in this case (Court File No. 39).

Degree Murder and Especially Aggravated Assault.[2] During the arrest, a search of his person produced a Charter Arms .38 caliber revolver.[3] Bailey was subsequently indicted by a federal grand jury for violating 18 U.S.C. § 922(g)(1), which provides that it is unlawful for any person to be in possession of a firearm who has been convicted of a crime punishable for a term exceeding one year. He pleaded guilty to this charge without a plea agreement.

On July 29, 2009, the U.S. Probation Office issued a Presentence Investigation Report ("PSR") and distributed that report to the Court and to counsel. According to the report, Bailey's offense level was 21 and his criminal history category was category VI. The applicable guideline range was 77 to 96 months, which the probation officer recommended should be consecutively served with the undischarged fourteen-year state sentence that resulted from Bailey's violation of probation. *See* USSG § 5G1.3(a). Neither party objected to the contents of the PSR.

On September 10, 2009, the Court conducted a sentencing hearing. However, the Court reserved ruling on Bailey's sentence until he had undergone a mental evaluation, noting that his grandmother claimed that he had bipolar disorder. At his request, the Court entered an order for Bailey's mental evaluation. The mental-health evaluator concluded that Bailey was not suffering from any mental defect and that he did not require in-patient hospitalization. Ten days later, Bailey again appeared before the Court. The Court allowed him to speak and addressed all of his arguments. The Court imposed a sentence of 120 months, which was an upward variance from the

---

[2] These charges were resolved in state court. Bailey pleaded guilty to lesser charges on March 18, 2009.

[3] Officers allegedly found 0.7 grams of crack cocaine on Bailey; however, Bailey did not admit to the possession during prosecution.

advisory Guidelines, to be served consecutively to Bailey's fourteen-year state sentence for the unrelated robbery offense. He filed a notice of appeal shortly after his sentencing.

On appeal, Bailey argued that the Court did not give proper consideration to his mental health issues or to the state sentence that he was already serving. The court of appeals observed that the Court had considered Bailey's mental health history and the fact that his offenses had become increasingly violent. The court of appeals found that the Court had given sufficient consideration to Bailey's mental health history and "adequately justified" Bailey's sentence even in light of his fourteen-year state sentence. In addition, the court of appeals found that the Court had properly grounded its reasoning for an upward variance in the § 3553(a) factors. Therefore, the court of appeals concluded that the sentence imposed by the Court was not unreasonable and affirmed Bailey's sentence (Court File No. 31). *United States v. Bailey*, 438 F. App'x 467, 471 (6th Cir. 2011). The opinion was filed on September 26, 2011. Bailey timely filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on November 2, 2011. *See* 18 U.S.C. § 2255(f) (establishing a one year period of limitation for filing the § 2255 motion).

## II. STANDARD OF REVIEW

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, correct, or set aside the sentence, on the grounds

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

3

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Bailey has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles*, 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States*, 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000). It is a "well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 166 (1982)).

Where a constitutional error is alleged in order to obtain relief under § 2255, the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging a non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

III. DISCUSSION

Bailey asserts three grounds on which the Court should vacate, set aside, or correct his sentence: (1) his attorney was ineffective for failing to identify errors in his PSR and for failing to present evidence of his prior mental health problems; (2) he was not informed of his Miranda rights

4

before making an incriminating statement to law enforcement; and (3) he should have received a lower sentence because of his age at the time of the sentencing.

### A. Ineffective Assistance of Counsel

The Sixth Amendment provides, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is a right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Supreme Court has formulated a two-pronged test for evaluating constitutional claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so egregious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that the counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that a conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.*

The measure of an attorney's performance under the first prong, which considers whether the attorney's performance was deficient, is "reasonableness under prevailing professional norms." *Id.* at 688. The petitioner bears the burden of asserting a claim of ineffective assistance of counsel and must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. When evaluating the objective reasonableness of counsel's performance, the evaluation must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). "[R]eviewing court[s] must remember that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional

5

judgment." *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998) (quoting *Strickland*, 466 U.S. at 690) (internal quotation marks omitted). Generally, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Under the second prong of the *Strickland* test, the petitioner must show that counsel's deficient performance prejudiced the defense. Therefore, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). The petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Under the *Strickland* test both prongs must be satisfied in order for the petitioner's burden to be met. *Id.* at 697. The *Strickland* Court noted that a claim of ineffective assistance of counsel must be rejected if either of the prongs is not satisfied:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id.*

Here, Bailey alleges that his legal counsel was ineffective because counsel: (1) failed to present evidence of his mental health history; and (2) failed to identify errors in his PSR. With respect to his mental health history, Bailey claims that counsel was ineffective for failing "to consult [his] mental institution records" in preparation for his sentencing hearing (Court File No. 38, pp. 6-

6

7). He does not identify the mental institution that is in possession of these records or what information might be in the records that would have been useful. In addition, his assertion that his legal counsel failed to introduce evidence regarding his mental health is contradicted by the fact that counsel urged the Court to allow a mental evaluation before his sentencing. The evaluation stated that he did not suffer from any mental illness. Although the evaluation concluded that Bailey suffered from antisocial personality disorder, the Court found that this diagnosis did not have any bearing on the determination of an appropriate sentence. There is no evidence that counsel was ineffective in reviewing or presenting Bailey's medical records.

Bailey claims that his counsel failed to identify "many errors" in his PSR (Court File No. 38, § 2255 motion, pp. 5-6). However, he does not put forth any factual support for this argument and does not specify any of the alleged errors in the PSR. At the second sentencing hearing, Bailey did raise some concerns about how the PSR listed his criminal history (Court File No. 33, p. 3). He also apparently raised concerns about an Order rescheduling his sentencing that did not bear the Court's signature. The exchange was as follows:

| | |
|---|---|
| THE COURT: | Ms. Coleman, does Mr. Bailey have any objection to the presentence report? |
| BAILEY: | Yes, sir. I had got this paper in from Ms. Angela J. Gibson. I got this -- got this paper in, and it state -- it state that -- it got your name on it, but it ain't got your signature on it. I just wonder if you can look at it, you know what I'm saying. |
| MS. COLEMAN: | I explained to Mr. Bailey, Your Honor, what this was -- |
| BAILEY: | I understand -- I understand what she had told me. But it got Angela Gibson's signature, you know what I'm saying, on it, and it supposed to have your John Hancock signature on it, too. And I understand what she told me, but I just want to bring that to your attention, too. I want this to be on the record, you notified about this. And I just want you to just take a look at it. |
| THE COURT: | Thank you, Mr. Bailey. Ms. Coleman, does Mr. Bailey have any objection to the presentence report? |

| | | |
|---|---|---|
| MS. COLEMAN: | | No, Your Honor. We did discuss some of his prior convictions, and I think that Mr. Bailey's concern, although I don't think it would be classified as an objection because it does not change the calculation of the criminal history points, in Paragraph 40, which is his prior conviction for a state sentence that he is now actually serving, he did plead guilty to each count, but those pleas were to lesser included offenses rather than the offenses listed in the first paragraph. I believe that the term of years is correct and the sentence is correct; however, it does not reflect that it was a plea to a lesser included offense. |
| THE COURT: | | Okay. |
| MS. COLEMAN: | | And if I could state for the record, Your Honor, just so the record reflects the information that Mr. Bailey is speaking of is that our administrative assistant sent Mr. Bailey a cover letter and a copy of the order rescheduling his judgment for today once he came back from his mental health evaluation. And I explained to Mr. Bailey that the reason you didn't have a signature is that this was electronically filed and, because it came through the computer system, those do not reflect the actual handwritten signature. |

(*id.* at pp. 4-6). After the Court addressed his concern about the Order, Bailey raised another objection to the "procedures" the Court used, because he believed there were issues with "some subject matters of jurisdiction" (*id.* at p.7). He apparently was under the impression that district courts only have jurisdiction within ten square miles of a federal courthouse. Bailey cited a number of cases, statutes, and portions of the Constitution in support of his subject matter jurisdiction argument, which the Court ultimately rejected. No other faults were identified in the PSR nor did Bailey raise any other issues.

In a § 2255 motion, a petitioner must set forth facts which entitle him to relief. *See O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). Bailey does not specify any facts supporting his claim that his legal counsel did not properly address his mental health history nor does he identify any specific errors in his PSR. When "claims are stated in the form of conclusions without any allegations of facts in support thereof," a § 2255 motion is "legally insufficient to sustain a review."

8

*Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974); *see also Harris v. Thomas*, 341 F.2d 560, 561 (6th Cir. 1965) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing."); *O'Malley*, 285 F.2d at 735 ("When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief."). That is the case here. Moreover, if Bailey refers to the portion of the PSR discussed at sentencing, counsel in fact raised the issue at the hearing and Bailey has identified nothing further she should have done. Therefore, Bailey has not met his burden of demonstrating ineffective assistance of counsel.

### B. *Miranda* Claim

Bailey also claims his confession was obtained unlawfully because his *Miranda* warnings were never read to him, although he was given a written *Miranda* warning, which he signed. In addition, he claims his confession violates *Miranda* because he had not been arrested or charged with the offense when he made his confession.

On direct appeal, Bailey only challenged the substantive reasonableness of his sentence (Court File No. 35). Since his *Miranda* claim was not asserted in his direct appeal, it is subject to procedural default: Bailey may not raise it now if he could have raised it on appeal. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (observing that with the exception of ineffective assistance of counsel, a petitioner procedurally defaults a claim by failing to raise it on direct appeal). "In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Bousley*, 523 U.S. at 622); *see Peveler v. United States*, 269 F.3d 693, 698-700 (6th Cir. 2001) (discussing

9

the cause and prejudice standard). Here, Bailey has made no showing of cause or prejudice in his § 2255 motion. Without such a showing, Bailey has procedurally defaulted his claim and may not raise it now.

Moreover, Bailey waived his *Miranda* claim when he pleaded guilty. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (emphasis added); *see also Werth v. Bell*, 692 F.3d 486, 495 (6th Cir. 2012) (quoting *Tollett*). Instead, "[h]e may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." *Tollett*, 411 U.S. at 267. Therefore, Bailey waived his right to raise his *Miranda* claim when he pleaded guilty to this offense. *See McMann v. Richardson*, 397 U.S. 759, 768-70 (1970) (concluding that a guilty plea waives the right to assert that plea was based on a coerced confession).

Even if Bailey had not waived this claim it would still fail. Bailey admits to being given and signing a written copy of his *Miranda* rights and has failed to establish that he was unable to read the rights for himself. He provides no factual or legal support for his claim that the waiver of his *Miranda* rights should be invalidated because he was not arrested at the time of his confession. The case he cites in his § 2255 motion has little relevance to the specific *Miranda* issue he asserts, particularly because it pre-dates *Miranda v. Arizona*. *Compare* 384 U.S. 436 (1966) *with Campbell v. State*, 215 Tenn. 95 (Tenn. 1964). Accordingly, Bailey's *Miranda* claim lacks merit.

**C. Substantive Reasonableness**

In his direct appeal, Bailey argued that his sentence was substantively unreasonable because (1) the Court gave unreasonable weight to his mental-health diagnosis; and (2) the Court failed to

properly consider the state sentence that he was already serving (Court File No. 35). The court of appeals reviewed Bailey's sentence and found that this Court "did not give unreasonable weight to Bailey's mental-health diagnosis," and sufficiently considered the state sentence that Bailey was already serving. *Bailey*, 438 F. App'x at 469. The court of appeals found that his sentence was not unreasonable.

Now, in his § 2255 motion, Bailey asserts that his sentence was substantively unreasonable because the Court failed to take into account his age at the time of his sentencing. Specifically, Bailey alleges that the Court should have considered his age, immaturity, and history of mental illness as "reason[s] to give [him] a sentence below the Guideline range" instead of employing these factors to "justify a greater sentence" (Court File No. 38, § 2255 Motion, p. 4).

"A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." *Dupont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (citations omitted). The substantive reasonableness of Bailey's sentence has already been reviewed, and the additional consideration of his age at the time of his sentencing, which he raises in his § 2255 motion, does not meet the standard of "highly exceptional circumstances." *Id.*; *see also Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir. 1996) (observing that sentencing challenges cannot be made for the first time in a post-conviction § 2255 motion). Accordingly, Bailey's substantive reasonableness argument fails.

**IV.   CONCLUSION**

For the reasons stated above, none of the grounds asserted by Bailey justifies overturning his conviction. Bailey's conviction and sentence were not imposed in violation of the Constitution or laws of the United States, nor are they otherwise subject to collateral attack, and the motion to

11

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will therefore be **DENIED** (Court File No. 38).

In addition to the above, the Court **CERTIFIES** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Bailey for leave to proceed in forma pauperis on appeal is **DENIED**. Fed. R. App. P. 24. Bailey has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b), or reasonable jurists would disagree on the resolution of this matter, thus a certificate of appealability **SHALL NOT ISSUE**. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

**An Order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**